

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

```
JPL                                  271 Cadman Plaza East
F.# 2004R00795                       Brooklyn, New York  11201
```

March 5, 2012

By ECF

The Honorable Sterling Johnson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Harvey Howell
           Criminal Docket No. 04-380 (SJ)

Dear Judge Johnson:

      By motion filed on January 9, 2012, the defendant moved, pro se, for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  The defendant based his motion on the recent amendments to the sentencing guidelines for certain crack cocaine offenses.  The government respectfully submits this letter in opposition to the defendant's motion.

    A.    Background

      On September 17, 2007, the defendant pleaded guilty to one count of racketeering, in violation of 18 U.S.C. § 1961, pursuant to a plea agreement with the government.  The plea stemmed from the defendant's role in a violent drug gang known as "Fuck Da Police" ("FDP"), which operated in the Walt Whitman housing development in Fort Greene, Brooklyn.  At his plea hearing, the defendant allocuted to racketeering acts of attempting to murder New York City Police Department ("NYPD") officers, and conspiring to distribute 50 grams or more of crack cocaine.  (PSR ¶ 1).

      The plea agreement was entered into by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedure.  In that agreement, the parties stipulated that the defendant should be sentenced to a term of imprisonment of 22 years, consecutive to the 3 years he had already served in a federal firearms possession case.  See Plea Agreement at ¶ 2, attached as Exhibit A.  The plea agreement did not contain a

guidelines calculation and expressly stated that the parties agreed to a non-guidelines sentence. The plea agreement states:

> In the event the agreed upon sentence is above or below the adjusted offense level under the United States Sentencing Guidelines calculated by the Court, the defendant and the Office consent to an adjustment under Title 18, United States Code, Section 3553(a) and the Office will inform the Court at sentencing why the adjustment is justified."

Plea Agreement ¶ 2.

In calculating the defendant's guidelines range, the Probation Department did <u>not</u> use the crack cocaine guidelines set forth in U.S.S.G. § 2D1.1. Rather, because the defendant was involved in the murder of Paul Glover, the Probation Department cross-referenced the murder guidelines set forth in U.S.S.G. § 2A1.1 to establish the defendant's base offense level. (PSR ¶ 35). The plea agreement gave the defendant coverage for his participation in the murder of Paul Glover. <u>See</u> Plea Agreement, ¶ 4 ("no further criminal charges will be brought against the defendant for conspiracy to murder and murder of Paul Glover").

At sentencing, the defense objected to the PSR's inclusion of the murder of Paul Glover. The defendant argued that the Court did not have to decide, one way or the other, whether the defendant was involved in the murder of Paul Glover to sentence him to the agreed upon sentence of 22 years imprisonment, consecutive to the 3 years the defendant had already served. <u>See</u> Sent. Tr. at 3 (attached as Exhibit B). The defense requested that a proposed order to that effect be attached to the defendant's PSR. The Court signed this order and sentenced the defendant to the term agreed to by the parties. <u>See</u> Sent. Tr. 4-5; Judgment, entered May 5, 2008. The Court did <u>not</u> rely in any way on the crack cocaine guidelines when it imposed sentence. <u>See</u> Sent. Tr. 5-6 ("I base my sentence on the factors in 3553(a) and I take into consideration the agreement with the government and the defendant on the 11(c)(1)(C) plea").

  B.   <u>Applicable Law</u>

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered</u> by the Sentencing

>Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] The version of Section 1B1.10 applicable in this case became effective on November 1, 2011, and provides, in relevant part:

>(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
>(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A Guidelines amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). <u>See, e.g.</u>, <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997).

3

>> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

In <u>Dillon v. United States</u>, 130 S. Ct. 2683 (2010), the Supreme Court addressed the process for applying a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." <u>Id</u>. at 2688. The Court affirmed that a two-step approach must be followed:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." <u>Id</u>.
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at

4

>     step one is warranted in whole or in part under the
>     particular circumstances of the case.

Id. at 2691-92.

The amendment in question in this matter altered the offense levels in Section 2D1.1 applicable to crack cocaine offenses, and which the Sentencing Commission added to Section 1B1.10(c) as a retroactive amendment. The Sentencing Commission lowered these offense levels pursuant to the Fair Sentencing Act of 2010, which changed the threshold quantities of crack cocaine which trigger mandatory minimum sentences under 21 U.S.C. § 841(b), and directed the Commission to implement comparable changes in the pertinent guideline.

Whether a sentencing reduction is available to a defendant in the context of a Rule 11(c)(1)(C) plea agreement depends upon the role the guidelines played in the plea agreement and at sentencing. In Freeman v. United States, -U.S.-, 131 S.Ct. 2685 (2011), the plurality held that the defendant in that case could seek a sentencing reduction pursuant to § 3582, despite the fact that he had pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement. However, Justice Sotomayor's concurring opinion, and deciding vote, was premised on the fact that the plea agreement expressly used the guidelines as the basis for the proposed sentence. See id. at 2695-2700. Justice Sotomayor's concurrence stated that a sentencing reduction under 18 U.S.C. § 3582(c)(2) would not be available for a defendant who pleaded guilty pursuant to a Rule 11(c)(1)(C) agreement that did not make such express use of the guidelines. See id. at 2696-2699. Chief Justice Roberts, and Justices Scalia, Thomas and Alito would categorically prohibit sentencing reductions in the context of Rule 11(c)(1)(C) plea agreements. See id. at 2700-701 ("the sentence imposed under a Rule 11(c)(1)(C) plea agreement is based on the agreement, not the Sentencing Guidelines").

C. Discussion

In this case, the defendant does not qualify for a sentencing reduction because he was not sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). There was no mention of the crack cocaine guidelines during the defendant's sentencing. See Sent. Tr. at 2-6. The defendant pleaded guilty and was sentenced in accordance with a Rule 11(C)(1)(c) plea agreement that made no mention of the crack cocaine sentencing guidelines. See Plea Agreement. Moreover, the parties expressly agreed that the stipulated sentence was warranted under § 3553(a)

5

regardless of the guidelines calculation. See id. at ¶ 2. Consistent with the language of § 3582(c)(2) and the Supreme Court's reasoning in Freeman, the government respectfully submits that the defendant's motion should be summarily denied.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:    /s/
        James P. Loonam
        Assistant U.S. Attorney
        (718) 254-7520

cc:  Harvey Howell (by Mail)
     Clerk of Court (SJ) (by ECF)