UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

UNITED STATES OF AMERICA,

v.

HARVEY HOWELL, also known
as "Boo,"

         Defendant.
-------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ MAY 16 2012 ★ 

BROOKLYN OFFICE

04 CR 380 (SJ)

MEMORANDUM
AND ORDER

APPEARANCES
UNITED STATES ATTORNEY
Loretta E. Lynch
271 Cadman Plaza East
Brooklyn, NY 11201
By:   James Loonam

HARVEY HOWELL, *PRO SE*
#80415-053
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

JOHNSON, Senior District Judge:

    Presently before the Court is a motion to resentence defendant Harvey Howell ("Defendant" or "Howell") pursuant to 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)"). Based on the submissions of the parties, and for the reasons stated below, the motion is denied.

1

On September 17, 2007, Howell pled guilty to one count of racketeering in connection with his role in the "Fuck Da Police" drug gang. As to Howell, the charge of racketeering was supported by two acts: (1) conspiracy to distribute 50 grams or more of cocaine base; and (2) attempted murder of a police officer. The plea agreement was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and in it Howell and the government stipulated to a 22-year term of incarceration, to be served consecutive to a 3-year term Howell was already serving for a gun conviction. On December 30, 2011, Howell moved to be resentenced pursuant to the November 2011 amendments to the Sentencing Guidelines.

While the Court "may not generally modify a term of imprisonment once it has been imposed," Cortorreal v. United States, 485 F.3d 742, 744 (2d Cir. 2007), Section 3582(c) permits the Court to modify the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range . . . subsequently . . . lowered by the Sentencing Commission." Defendant claims that, based on the retroactive application of the 2011 amendments to the United States Sentencing Guidelines which altered the base offense level for certain cocaine offenses, he is eligible for resentence because he was convicted for an offense involving crack.

However, the Harvey's sentence did not derive from a guideline set by the Sentencing Commission. Rather, his sentence was the product of a plea negotiation. While it is true that there may be situations in which a Section

2

P-049

3582(c)(2) re-sentence is warranted even after entry of an 11(c)(1)(C) plea agreement, it must still be shown that the sentence imposed was based on a calculation of the guidelines. In this case, the sentencing minutes make no mention of the guideline range for the offenses, nor does Howell's plea agreement. See, e.g., Freeman v. United States, 131 S.Ct. 2685, 2699 (2011) (Sotomayor, concurring in the judgment) ("[I]n order to conclude that [the defendant] is eligible for sentence reduction under 18 U.S.C. § 3582(c)(2), the plea agreement. . . must use a Guidelines sentencing range that has subsequently been lowered."). Indeed, the 264 month term imposed was well below the 360 months-to-life guideline term calculated in the PSR.

Moreover, even if Howell were eligible for a Section 3582(c)(2) reduction, I would decline to impose one, as Howell has not submitted sufficient justification for upsetting the Court's previous balancing of the factors outlined in 18 U.S.C. § 3553(a). While the Court commends his completion of education courses as well as drug and alcohol addiction programs, the imposed sentence of 22 years is not greater than necessary to achieve the objectives of punishment set forth in § 3553(a)(2)(A)-(D), particularly in light of the seriousness of the non-crack related racketeering act (attempted murder of a police officer) committed by Howell. See Dillon v. United States, 130 S.Ct. 2683, 2692 (2010); ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the

3

P-049

policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."); United States v. White, 429 Fed. Appx. 423, 47 (2d Cir. 2011) (finding the decision of whether to re-sentence an eligible defendant to be "confided to the sound discretion of the district court.").

In light of the foregoing, Defendant's motion is denied.

**SO ORDERED.**

Dated: May 15, 2012
      Brooklyn, New York

s/Sterling Johnson, Jr.
Sterling Johnson, Jr., U.S.D.J.

P-049